**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **TERRY BLAINE HILDRETH,** § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | Civil Action No. 4:06-CV-738-Y |
| **NATHANIEL QUARTERMAN, Director,** § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A.   NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.   PARTIES**

Petitioner Terry Blaine Hildreth, TDCJ-ID #1208111, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in a pre-parole release facility in Mineral Wells, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

**C.   FACTUAL AND PROCEDURAL HISTORY**

In November 2002 Hildreth was charged by indictment in the 132nd District Court of Scurry County, Texas, cause number 8640, with assault-family violence. (State Habeas R. at 157.) On January 30, 2003, pursuant to a plea bargain agreement, Hildreth pled guilty to the offense and was sentenced to five years' confinement, probated for five years. (*Id.* at 158-162.) Hildreth did not directly appeal the trial court's judgment on his plea of guilty; thus the judgment became final under state law on Monday, March 3, 2003. *See* TEX. R. APP. P. 26.2(a)(1) (allowing thirty days from the date sentence is imposed or suspended in open court to file notice of appeal in the absence of timely filed motion for new trial).[1] Thereafter, on the state's motion, the trial court revoked Hildreth's community supervision on October 21, 2003, and he was sentenced to five years' imprisonment.[2] (State Habeas R. at 166-68.) Hildreth did not directly appeal the judgment revoking community supervision; thus the judgement became final thirty days later on November 20, 2003. (Petition at 3.)

On February 23, 2006, Hildreth filed a state postconviction application for writ of habeas corpus challenging his conviction, which was denied on September 27, 2006, without written order by the Texas Court of Criminal Appeals on the findings of the trial court. *Ex parte Hildreth*, Application No. WR-65,563-02, at cover.[3] Hildreth filed the instant federal petition for writ of

---

[1]Thirty days after the trial court's judgment was entered was March 1, 2002, a Saturday.

[2]Hildreth was found guilty on the same date of evading arrest in the 132nd District Court of Scurry County, cause number 8707. *See Ex parte Hildreth*, State Habeas Application No. WR-65,563-01, at 142.

[3]On the same date, Hildreth also filed a state habeas application challenging his 2003 conviction for evading arrest in cause number 8707.

2

habeas corpus on October 16, 2006.[4]  Quarterman has filed a motion to dismiss the petition on limitations and exhaustion grounds.

**D.   ISSUES**

Hildreth raises three ineffective assistance claims against his counsel during the original plea and revocation proceedings and three claims against the Texas Board of Pardons and Paroles (the Board). (Petition at 7-8.)

**E.   STATUTE OF LIMITATIONS**

Quarterman argues that Hildreth's ineffective-assistance claims relating to the original plea and revocation proceedings are time-barred. (Resp't Motion to Dismiss at 5.) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[4] A pro se habeas petition is deemed filed when the petition and any attachments are delivered to prison authorities for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

>    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

To the extent Hildreth's ineffective-assistance claims involve alleged facts or events relevant to his original plea and/or plea proceedings, the one-year limitations period ran from the date on which the judgment placing him on community supervision became final by the conclusion of direct review or the expiration of the time for seeking such review on March 3, 2003. 28 U.S.C. § 2244(d)(1)(A).[5] Thus, Hildreth had until March 3, 2004, absent any applicable tolling, within which to timely file a federal petition raising his claims. Hildreth's state habeas application filed on February 10, 2006, after limitations had expired did not operate to toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Similarly, to the extent Hildreth's ineffective-assistance claims involve alleged facts or events relevant to the revocation proceedings, the one-year limitations period ran from the date the judgment revoking his community supervision became final by the conclusion of direct review or the expiration of the time for seeking such review on November 20, 2003. 28 U.S.C. § 2244(d)(1)(A). Thus, Hildreth had until November 20, 2004, absent any applicable tolling, within

---

[5] The record does not reflect that any unconstitutional "State action" impeded Hildreth's efforts to file a federal application raising his ineffective-assistance claims and there are no allegations that the Supreme Court has announced a new rule(s) applicable to his claims or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) do not apply to grounds one through three.

4

which to timely file a federal petition raising his claims. Hildreth's state habeas application filed after limitations had expired did not operate to toll the limitations period. *See Scott*, 227 F.3d at 263.

In his response, Hildreth cites his pro se status and lack of legal training to explain his failure to timely file a federal petition and contends the AEDPA violates the Suspension Clause of Article 1, § 9 of the Constitution. (Pet'r Response at 2-3.) He urges the Court to waive the "tolling statute" under the common sense and fair play doctrine. However, Hildreth's unfamiliarity with legal process, his lack of representation, or his ignorance of his legal rights are insufficient reasons to equitably toll the limitations period. *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000). Moreover, the AEDPA's statute of limitations does not violate the Suspension Clause unless it renders the habeas remedy inadequate or ineffective to test the legality of detention. *See Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000). Hildreth has not shown how the limitations period made the habeas remedy inadequate or ineffective for him, since nothing prevented him from filing a petition before the limitations period expired.

Accordingly, Hildreth's petition as it relates to his ineffective-assistance claims in grounds one through three is untimely.

**F.    EXHAUSTION**

Quarterman argues that Hildreth's claims relating to the Board's action in denying him release to parole and/or discretionary mandatory supervision are unexhausted. (Resp't Motion to Dismiss at 79.) However, Hildreth asserts the claims were raised in a supplemental pleading in the state habeas proceeding, and the record supports his assertion. (State Habeas R. at 100-05.) Thus, Hildreth's claims under grounds four through six are sufficiently exhausted as required by 28 U.S.C. § 2254(b)(1).

5

**G.     DISCUSSION**

Hildreth claims the Board (1) denied him constitutional due process by revoking his parole/mandatory supervision date without cause and illegally voting to deny his release to discretionary mandatory supervision under an incorrect statute as he is at the pre-parole release facility with an established released date and (2) denied him equal protection of the law by not appointing an attorney to represent him during the review process.  (Petition at 7-8a.)  The state habeas court entered findings relevant to one or more of these claims, which are presumed to be correct, and the Texas Court of Criminal Appeals denied habeas relief based on those findings. (State Habeas R. at 131-32.)  28 U.S.C. § 2254(e)(1).  Under these circumstances, federal habeas corpus relief will not be granted with respect to any claim that was adjudicated on the merits in the state court proceedings unless Hildreth can show that the state court's adjudication:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  *Id.* § 2254(d).

Hildreth's claims are somewhat vague and indecipherable.  However, to the extent he claims he is entitled to release on parole, his claim does not provide a basis for federal habeas corpus relief as no constitutional violation has occurred.  A habeas corpus petitioner under §2254 must claim violation of a federal constitutional right to be entitled to relief.  *See Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998).  The decision to parole or not to parole is discretionary under Texas law. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).  Texas inmates have no constitutionally protected right to parole because the relevant Texas statutes, past and present, do not create a protectible liberty interest which would implicate constitutional considerations.  *Johnson v.*

6

*Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995)

To the extent he claims he is entitled to release to mandatory supervision, his claim fails also. It appears Hildreth has been denied discretionary mandatory supervision release on two occasions, the first in August 2005 and the second some time after April 2006. A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Although the Fifth Circuit has held that the Texas mandatory supervision scheme in place prior to September 1, 1996, created a due process liberty interest in mandatory supervision release to eligible inmates, it has yet to rule on whether such an interest exists under the revised statute. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)).

It is noted, however, that the Texas Court of Criminal Appeals has held the statute vests a liberty interest in an eligible inmate to certain procedural due process considerations. *See Ex parte Geiken*, 28 S.W.3d 553, 558-60 (Tex. Crim. App. 2000). In light of the liberty interest created by the statute, the state court determined that constitutional due process requires that an eligible inmate be provided timely notice that he will be considered for mandatory supervision release and a meaningful opportunity to be heard–i.e., an opportunity to tender or have tendered to the Board information in support of release. *Id.* at 559-60. Additionally, if release is denied, the inmate must be informed in what respects he falls short of qualifying for early release. *Id.* at 560. In a later opinion, the state court determined that the notice requirement requires the Board to inform the inmate of the specific month and year he will be reviewed. *Ex parte Ratzlaff*, 135 S.W.3d 45, 50

(Tex. Crim. App. 2004). The record reflects that, as a matter of state law, Hildreth was afforded all the due process he was entitled. (State Habeas R. at 131-32.)

Finally, Hildreth's claim that he was denied appointed counsel during the review process in violation of his equal protection rights is meritless. The equal protection clause does not require the state to appoint counsel for indigent prisoners merely because retained counsel may be permitted to appear before the Board. *See Cruz v. Skelton*, 543 F.2d 86, 95-96 (5th Cir. 1976).

## II. RECOMMENDATION

Quarterman's motion to dismiss should be GRANTED as to Hildreth's grounds one through three and the grounds DISMISSED with prejudice as time-barred. Hildreth's grounds four through six should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 20, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual

finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until April 20, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 30, 2007.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE